ON REHEARING
Before CIACCIO, LANIER and CLAIBORNE, JJ.[1]
PER CURIAM.
| -¡The plaintiff-appellee, hereinafter referred to as the Louisiana Receiver, has applied for a rehearing en banc and a rehearing pursuant to Uniform Rules— Courts of Appeal, Rules 1-5 and 2-18.

Rehearing En Banc

The Louisiana Receiver asserts that a rehearing en banc should be granted because “[njumerous important public policy matters that directly affect the regulation of insurance companies and their management are implicated by the interpretation of this parental guarantee.” Although the Louisiana Receiver has asserted this factual conclusion, he has failed to state what these “[njumerous important policy matters” are for us to consider.
Rule 1-5 specifies that “[w]hen authorized by law, or when the court deems it necessary to promote justice or expedite the business of court, the court may sit ... en banc.” The Louisiana Receiver has not cited a law, and we are not aware of one, that would require an en banc rehearing on any of the issues in this case. Sitting en banc will not “expedite the business of court” in this case, and, in fact, will delay its final resolution. Finally, because the Louisiana Receiver has failed to assert what “important public policy matters” are at issue, other than those already decided, no necessity to “promote justice” has been demonstrated.
*669 Accordingly, the application for a rehearing en banc is denied.

Rehearing

In the rehearing application pursuant to Rules 2-18.1 and 2-18.2, the Louisiana Receiver asserts this court overlooked “Health Net’s concurrent obligation to maintain the ‘surplus required’ for a Louisiana HMO to remain in operation”, the capital and surplus requirement “obligated Health Net to meet all ofjjthe liabilities of the Louisiana HMO” and the capital and surplus requirement of the suretyship contract “obligated Health Net to pay for all outstanding liabilities and capital requirements relating to the Louisiana HMO; i.e., the entire $9,511,624.19 awarded by the trial court.” The Louisiana Receiver has cited no statutory law or jurisprudence to support this claim.[2]
This claim is patently without merit. La. R.S. 22:20T0C(2), now La. R.S. 22:254; La. R.S. 22:732.2(3)(a)(ii) and (c), now La. R.S. 22:2003; La. C.C. arts. 3036, 3066 and 3067; and La. R.S. 12:1E, I, L, N, T and V.[3]
Accordingly, the application for a rehearing is denied.

. The Hon. Philip C. Ciaccio, Judge (Retired), the Hon. Walter I. Lanier, Jr., Judge (Retired), and the Hon. Ian W. Claiborne, Judge (Retired), are serving as judges ad hoc by special appointment of the Louisiana Supreme Court.

. As previous!}' indicated in our original opinion, the trial court judge refused to advise why she granted this award amount when she ordered to do so in paragraph (9)(n) of the July 10, 2007 order of this Court.

. Statutory construction laws require that all laws pertaining to the same subject matter must be inteipreted in reference to each others. La. C.C. art. 13; Holly & Smith Architects, Inc. v. St. Helena Congregate Facility, Inc., 2006-0582, p. 10 (La. 11/29/06), 943 So.2d 1037, 1045.